BARNEY *v.* BARNEY.

WILLS—CUSTODY OR POSSESSION—ESTATES OF DECEDENTS—PROBATE
—PENALTY—STATUTES.

> Under 3 Comp. Laws 1915, §§ 13776-8, requiring any person
> having custody of any will to deliver it to the probate
> court within thirty days after he learns of the death of
> testator, a person who accidentally came upon the instru-
> ment and filed it away after the testator's death, was not
> a custodian within the meaning of the statutory provisions
> and so was not liable for the penalty prescribed by the act.

Error to Calhoun; Weimer, J., presiding. Submit-
ted April 6, 1916. (Docket No. 34.) Decided June 1,
1916.

Case by Helen L. Barney against Oliver W. Barney,
under sections 9274-6, 3 Comp. Laws; 3 Comp. Laws
1915, §§ 13776-8, for the wrongful neglect to file a
will for probate. Judgment for defendant on a verdict
directed by the court. Plaintiff brings error. Af-
firmed.

*James M. Powers* and *Walter S. Powers,* for appel-
lant.

*Leland H. Sabin,* for appellee.

In *Barney* v. *Barney,* 187 Mich. 145 (153 N. W.
730), this court affirmed the ruling of the circuit court
for the county of Calhoun admitting to probate the
will of Oliver Barney, deceased. The proponent of
the will was Oliver William Barney, a grandson of the
testator. The will was filed for probate July 28, 1913.
It was executed in December, 1896, and the testator
died February 12, 1900. Upon the trial of that cause
it was the claim of Oliver William Barney, the pro-
ponent of the will, that upon entering his bedroom

in his father's house one evening he discovered the will in an envelope upon his bed, that he took the will from the envelope and read it and filed it away in a letter clip in his room, where it remained until shortly before it was presented by him for probate, a period of from 7 to 10 years. One of the legatees in that will brought this action against the said Oliver William Barney, in which she seeks to recover the penalty which she claims has accrued to her by virtue of the provisions of 3 Comp. Laws, §§ 9274-9276; 3 Comp. Laws 1915, §§ 13776-13778, which sections read as follows:

"(9274) SEC. 13. Every person other than the judge of probate, having the custody of any will, shall, within thirty days after he has knowledge of the death of the testator, deliver the same into the probate court, which has jurisdiction of the case, or to the person named in the will as executor.

"(9275) SEC. 14. Every person named as executor in any will, shall, within thirty days after the death of the testator, or within thirty days after he has knowledge that he is named executor, if he obtains such knowledge after the death of the testator, present such will to the probate court which has jurisdiction of the case, unless the will shall have been otherwise deposited with the judge of probate; and shall, within the period above mentioned, signify to the court his acceptance of the trust, or make known in writing to such court his refusal to accept it.

"(9276) SEC. 15. Every person who shall neglect to perform any of the duties required in the two last preceding sections, without reasonable cause, shall be liable to each and every person interested in such will, in the sum of ten dollars damages for each and every month he shall so neglect, after the thirty days above mentioned, to be recoverd in an action on the case, with costs."

It is alleged in the declaration of the plaintiff that the will came into the possession, custody, and control of defendant on, to wit, the 1st day of June, 1902, at

which time he had knowledge of the death of the said testator, and it then and there became and was his duty to deliver the will to the judge of probate for the county of Calhoun within 30 days, or to deliver it to the executor named therein; that disregarding his duty, defendant, without any reasonable cause, neglected to deliver said will to the judge of probate or to the person named as executor in said will within 30 days, but, on the contrary, kept and secreted it from the 1st day of June, 1902, until the 28th day of July, 1913, concealing from the plaintiff and each and all of the persons mentioned in said will, from the judge of probate, and from the person named in said will as executor, all knowledge of the existence of the will and his possession thereof. Upon the trial, certain testimony of the defendant given at the trial of the cause above mentioned was read, to the effect that he found the will on his bed in his bedroom about 7 years before he gave his testimony, that he does not know how the will came to be there, that he looked it over and put it in a file in which he kept some other papers. Testimony for the plaintiff being concluded, the court was moved to direct a verdict for the defendant, one ground of the motion being that the defendant had not the custody of the will within the meaning of the statute and owed no duty under the statute, and this motion of the defendant was granted, and judgment was entered on the verdict.

In his charge to the jury the court said:

"It is the plaintiff's contention that the defendant had the custody of this will within the meaning of that statute. On the other hand defendant contends that he did not have the custody of the will within the meaning of the statute. In other words, that the will was not in his custody before the death of testator; that the testator never intrusted it in his care, therefore that he was not the custodian of the will; that it came into his possession, not custody, some two or

three years after testator's death; and that is the view the court takes of it.   *   *   *

"This is a so-called penal statute—a statute which penalizes somebody—which provides for a penalty to be paid arbitrarily, and the plaintiff is claiming something over $1,200 by way of a penalty. Plaintiff's case, however, proceeds upon the theory, his declaration alleges and his opening statement to you and all shows rather negatives the idea of any claim that might be made that this will was in the custody of the defendant at the time of his grandfather's death. Plaintiff does not claim that it was, and that in my opinion is the contemplation of the statute; that what the statute was aimed at was to provide penalty to be levied upon those persons who might accept a trust and then not carry it out; who might accept the custody of a will, as is frequently done. Frequently men accept the custody of wills—lawyers, bankers and others who act in those capacities are frequently called upon to receive and accept wills and keep them in their safes or strong boxes or safe-deposit vaults for safe-keeping for the men who made them, and it is those persons that this statute was aimed at, and not a person who might casually come into possession of a will some time afterward, as occurred in this case."

OSTRANDER, J. (*after stating the facts*). I am of the opinion that the court rightly construed the statute. The judgment is affirmed.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.